DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Wood County Court of Common Pleas, Juvenile Division, which granted a motion to modify child support and for a lump sum judgment for an existing child support arrearage. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant, Robert F. C., Jr., ("Robert") sets forth the following two assignments of error:
"ASSIGNMENTS OF ERROR
 "Assignment of Error Number One:
 "The Trial Court erred in its determination of Appellant's income for purposes of calculation of child support.
 "Assignment of Error Number Two:
 "The Trial Court erred in denying Appellant an opportunity to present substantiation for business expense deduction (sic) which were disallowed by the Magistrate in calculating child support."
The following facts are relevant to this appeal. The parties are the parents of Jordan A. H. (DOB 8-16-89). Child support was originally ordered in 1992 and modified in 1997. On June 13, 2000, appellee, Roblyn J. M. ("Roblyn") filed a motion to modify child support, for a lump sum judgment on an existing child support arrearage and for attorney fees and costs.
A hearing was held before a magistrate on November 1, 2000. Robert, the sole officer and shareholder of a subchapter S corporation, his accountant, and Roblyn testified. On January 26, 2001, the magistrate issued his decision. Robert timely filed his objections but did not file a transcript[1] as required by Civ.R. 53(E)(3)(b)[2]. Roblyn filed a response to Robert's objections. On May 1, 2001, the trial court found Robert's objections not well-taken and affirmed the magistrate's decision. The trial court's order modified child support, granted a lump sum judgment for the existing child support arrearage but denied Roblyn's request for attorney fees. Robert filed a timely notice of appeal.
Before discussing the merits of Robert's assignments of error, this court must address an issue concerning the appellate record. A review of the record indicates that Robert failed, in the trial court, to accompany his objections to the magistrate's decision with a transcript as required by Civ.R. 53(E)(3)(b). See footnote no. 2. The civil rules place the burden for obtaining a transcript upon the objecting party. The trial court's order granted Robert additional time for the preparation of the transcript. However, the burden remained on Robert to ensure the transcript was actually filed with the clerk of courts prior to the trial court ruling on his objections. Dawson v. Dawson (Sept. 27, 1999), Stark App. No. 1999CA00063, unreported.
Under Civ.R. 53(E)(3), the party objecting has the burden of demonstrating those objections through the record. Failure to provide an acceptable record to the trial court allows the trial court to disregard any objections to factual matters which have been challenged. Furthermore, because Robert failed to provide a transcript as required by Civ.R. 53(E)(3)(b), he cannot now challenge the trial court's adoption of any of the magistrate's findings of fact. In the matter of Pollis (May 8, 1998), Trumbull App. No. 97-T-0066, unreported.
Although Robert provided a transcript of the hearing before the magistrate with the record on appeal to this court, that transcript was not part of the record before the trial court.[3] In State ex rel.Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730, the Ohio Supreme Court stated:
 "When a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report, and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. (Citations omitted.) * * *
"* * *
 "Therefore, to the extent that [appellants] rely on evidence from the evidentiary hearing transcript which was not before the court * * * ruling on [appellants'] objections to the referee's report, their argument must fail. (Citations omitted.)"
See, also, High v. High (1993), 89 Ohio App.3d 424, 427. (Appellate court precluded from considering the transcript as it pertains to establishing or refuting the magistrate's or trial court's factual findings because the trial court itself was not so provided and, therefore, did not have an opportunity to review the testimony from which the magistrate drew her factual findings.) "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." State v. Ishmail
(1978), 54 Ohio St.2d 402, paragraph one of the syllabus. In addressing Robert's assignments of error, this court is limited to reviewing the evidence that was before the trial court during its proceedings. Stateex rel. Duncan v. Chippewa Township Trustees, 73 Ohio St.3d at 730. Before the trial court were the magistrate's findings of fact and conclusions of law, the exhibits upon which the magistrate relied, and all of the previous entries on the record.
The issues raised in this appeal in regard to the trial court's legal conclusions will be addressed to the extent they may be resolved without the transcript.
Therefore, this court reviews the trial court's decision only for an abuse of discretion, i.e., whether, in adopting the magistrate's report, "the court's attitude [was] unreasonable, arbitrary or unconscionable."State ex rel. Edwards v. Toledo City School Dist. Bd. Of Edn. (1995),72 Ohio St.3d 106, 107. The same standard of appellate review applies to Robert's assignments of error. Booth v. Booth (1989), 44 Ohio St.3d 142,144 ("* * * when reviewing the propriety of a trial court's determination in a domestic relations case, this court has always applied the `abuse of discretion' standard."). "The term `abuse of discretion' * * * implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. (Citations omitted). When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. In reJane Doe 1, 57 Ohio St.3d 135, 137-138.
In his first assignment of error, Robert argues that the trial court erred in its determination of his income for purposes of calculation of child support. Specifically, Robert argues that the trial court erred in adding back the sub-chapter S corporation earnings and expenses in calculating his income. This court finds no merit in this assignment of error.
For child support purposes, the trial court determined that Robert's total annual gross income was $71,333. This figure represented his W-2 income of $25,577, plus added back subchapter S corporate earnings of $29,712; depreciation expenses of $3,514;[4] and legal/professional, meals/entertainment and mileage/parking expenses of $12,530.
As a sub-chapter S corporation, Robert's corporation does not pay federal income tax as a corporation. Rather, for federal tax purposes, it is treated as a proprietorship or partnership and its annual earnings, whether distributed or not, are treated for tax purposes as if they are Robert's personal earnings. Because Robert is the sole shareholder, all corporate earnings or losses and applicable federal tax deductions, are treated for tax purposes as his personally, regardless of whether or not he has withdrawn the money represented by the corporate earnings. Harter v. Harter (Feb. 26, 1998), Allen App. No. 1-97-55, unreported.
R.C. 3113.215(A), which defines income for purposes of child support calculations, states in pertinent part:
"(1) `Income' means either of the following:
 "(a) For a parent who is employed to full capacity, the gross income of the parent;
"* * *
 "(2) `Gross income' means, * * *, the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes, but is not limited to income from salaries, wages, * * *, and all other sources of income; * * * self-generated income; and potential cash flow from any source.
"* * *
 "(3) `Self-generated income' means gross receipts received by a parent from self-employment, proprietorship of a business, joint ownership of a partnership or closely held corporation, and rents minus ordinary and necessary expenses incurred by the parent in generating the gross receipts. `Self-generated income' includes expense reimbursements or in-kind payments received by a parent from self-employment, the operation of a business, or rents, including, but not limited to, company cars, free housing, reimbursed meals, and other benefits, if the reimbursements are significant and reduce personal living expenses."
As stated by the court in Helfrich v. Helfrich (Sept. 17, 1996), Franklin App. No. 95APF12-1599, unreported, the theory behind income for child support purposes is different from income for tax purposes:
 "* * * The legislature has specifically provided a definition of ordinary and necessary expenses to be applied when determining the amount of income available for child support. Further, the purposes underlying the Internal Revenue Code and the child support guidelines are vastly different. The tax code permits or denies deduction from gross income based on myriad economic and social policy concerns which have no bearing on child support. The child support guidelines in contrast are concerned solely with determining how much money is actually available for child support purposes. To this end, R.C. 3113.215(A)(2) includes nontaxable income in `gross income' for purposes of calculating child support. This recognized the economic reality that all money earned by a parent, irrespective of its taxability, is in fact income to that parent. * * * (Citations omitted.)"
The tax concept of cash expenditures and depreciation are dealt with differently for child support purposes, as stated in R.C. 3113.215(A)(4):
 "(a) `Ordinary and necessary expenses incurred in generating gross receipts' means actual cash items expended by the parent or his business and includes depreciation expenses of replacement business equipment as shown on the books of a business entity.
 "(b) Except as specifically included in `ordinary and necessary expenses incurred in generating gross receipts' by division (A)(4)(a) of this section, `ordinary and necessary expenses incurred in generating gross receipts' does not include depreciation expenses and other noncash items that are allowed as deductions on any federal tax return of the parent or his business."
This exclusion of "depreciation expenses and other noncash items" from ordinary and necessary business expenses for child support purposes "is designed to ensure that a parent's gross income is not reduced by any sum that was not actually expended in the year used for computing child support." Baus v. Baus (1991), 72 Ohio App.3d 781, 784. Thus, under R.C. 3113.215(A)(4)(a), two types of ordinary and necessary business expenses can be deducted: 1) expenses for items actually paid for in the calendar year and 2) depreciation deductions that cover replacement business equipment. Depreciation expenses and other non-cash items that are allowed as deductions on any federal tax return are excluded as ordinary and necessary business expenses. R.C. 3113.215(A)(4)(b). See, also, Loeffler v. Loeffler (Nov. 20, 1998), Lucas App. No. L-97-1271, unreported (Appropriate to include depreciation of noncash items, costs of meals and trips paid for by sub-chapter S corporation in income of sole shareholder.); Plute v. Plute (July 15, 1996), Stark App. No. 1995 CA 00342, unreported (Trial court did not err in determining that vehicle expenses did not constitute ordinary and necessary expense in generating gross receipts.); Harter v. Harter (Feb. 26, 1998), Allen App. No. 1-97-55, unreported (Trial court acted within its discretion when refusing to consider meals and entertainment expenses as ordinary and necessary expense in generating gross receipts.).
Robert also argues that the trial court abused its discretion in not averaging his income. In denying Robert's request to average, the trial court stated that it had reviewed the facts and the nature and set up of the corporation and found that it was not necessary or appropriate to average income. "When the court or agency calculates gross income, the court or agency, when appropriate, may average income over a reasonable period of years." R.C. 3113.215(B)(5)(h). Deciding whether to average Robert's income was well within the trial court's discretion. Id. See, also, Towne v. Towne (Nov. 27, 1996), Summit App. No. 17772, unreported;Harter v. Harter (Feb. 26, 1998), Allen App. No. 1-97-55, unreported.
Based upon the above law and the facts from the record in this case, this court finds that the trial court did not abuse its discretion in regard to the calculation of Robert's income for child support purposes.
Accordingly, Robert's first assignment of error is found not well-taken.In his second assignment of error, Robert argues that the trial court erred in denying him an opportunity to present additional evidence for business expense deductions as he requested in his objections to the magistrate's decision. This court finds no merit in this assignment of error.
Civ.R. 53(E)(4)(b), Disposition of objections, provides that:
"The court shall rule on any objections.
 The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration."
It is clear the rule provides for the introduction of additional evidence at the discretion of the trial court. The use of the word "may" within the rule is permissive, rather than mandatory. Cox v. Cox (Feb. 16, 1999), Fayette App. No. CA98-05-007, unreported.
The rule also provides that "[t]he court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration." Thus, a judge may refuse to hear such evidence under Civ.R. 53(E)(4)(b) unless the objecting party demonstrates that with reasonable diligence the party could not have produced the evidence for the magistrate's consideration.Balwas V. Balwas, et al., (Sept. 7, 2000), Cuyahoga App. No. 75946, unreported; Emerson v. Emerson (April 9, 1999), Montgomery App. No. 17312, unreported. Absent an abuse of discretion, the decision of the trial court regarding the introduction of additional evidence must be affirmed on appeal. In re Zindle (1995), 107 Ohio App.3d 342, 345-46, (Applying Juv.R. 40(D)(2) which is identical to Civ.R. 53(E)(4)(b).This court finds the trial court did not abuse its discretion in denying Robert an opportunity to present additional evidence for business expense deductions.Accordingly, Robert's second assignment of error is found not well-taken.On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J. CONCUR.
[1] The transcript of the hearing before the magistrate on November 1, 2000, is file stamped July 2, 2001, for both the Wood County Court of Common Pleas, Juvenile Division, and this court. Thus, the transcript of the hearing was filed well after the notice of appeal was filed on May 23, 2001.
[2] Civ.R. 53(E)(3)(b) provides:
 "Form of objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may only object to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of the evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
[3] This court notes that in its judgment entry on Robert's objections to the magistrate's decision, the trial court specifically noted that it had reviewed the memorandums, the exhibits submitted at the hearing and the applicable law. The trial court did not mention that it had reviewed a transcript of the hearing.
[4] Robert agrees that depreciation should be added back to his income for child support purposes.