BAUS, Appellant,

v.

BAUS, Appellee.

[Cite as *Baus v. Baus* (1991), 72 Ohio App.3d 781.]

Court of Appeals of Ohio,
Wayne County.

No. 2578.

Decided March 6, 1991.

*R.J. Helmuth,* for appellant.

*Peggy J. Schmitz,* for appellee.

BAIRD, Judge.

This cause comes before the court upon the appeal of Mary E. Baus from the judgment of the Wayne County Court of Common Pleas. We affirm.

Appellee, Michael F. Baus, and appellant Mary were married on July 19, 1980. Michael adopted Mary's son, William. William graduated from high school in June 1990, and he was eighteen years old at the time of the parties' child support hearing. Ronald, age five, and Daniel, age three, were born as issue of the marriage.

On December 28, 1989, the parties were granted a divorce on Mary's complaint. Issues of alimony, division of property, and support and custody of the minor children were reserved for trial at a future date. On March 15, 1990, the trial court issued an order dividing the parties' property, awarding Mary alimony in the amount of $2,500 per month for forty-six consecutive months, and awarding custody of all three children to Mary, subject to Michael's visitation rights.

On April 18 and April 19, 1990, a hearing was held before the trial court on the issue of child support. The trial court found that Mary earned no gross income, and calculated Michael's gross income as a self-employed dentist to be $121,262 for the purposes of determining child support. After taking into consideration Michael's extensive visitation schedule, alimony payments, and

contributions to the minor children's college funds, the trial court ordered Michael to pay as child support $650 per month, per child, for three children from December 1, 1989 through May 31, 1990, and $725 per month, per child, for two children thereafter. In addition, Michael was ordered to deposit $1,200 per child, per year, in a custodial account for the education of the two minor children.

Mary now appeals the trial court's award of child support and raises two assignments of error.

### Assignment of Error I

"The trial court erred, as a matter of law, in computing the defendant's gross income (upon which child support was computed) by deducting costs already included in depreciation from the defendant's self-employment gross receipts."

■ The parties agree that R.C. 3113.215, effective April 12, 1990, governs the computation of child support in the instant case. Pursuant to R.C. 3113.215, the court must first determine the parents' combined gross income. "Gross income" is defined as, *inter alia,* self-generated income. R.C. 3113.-215(A)(2). "Self-generated income" is defined as:

" * * * gross receipts received by a parent from self-employment, proprietorship of a business, joint ownership of a partnership or closely held corporation, and rents minus ordinary and necessary expenses incurred by the parent in generating the gross receipts. * * * " R.C. 3113.215(A)(3).

Finally, the statute defines "ordinary and necessary expenses incurred in generating gross receipts" as actual items expended by the parent or his business. R.C. 3113.215(A)(4).

It is Mary's contention that the trial court erred in computing Michael's gross income, because it held that equipment costs and leasehold improvements for Michael's dental office were ordinary and necessary business expenses, and subtracted them from his self-generated income. Thus, Mary argues, the trial court wrongfully excluded $66,062 from Michael's gross income for the purposes of computing child support. We disagree.

■ Mary argues that because the equipment costs and leasehold improvements were included on Michael's 1989 federal tax Schedule C—Detail Depreciation Schedule, they must be included in his gross income under that portion of R.C. 3113.215(A)(4) which excludes from ordinary and necessary business expenses "depreciation expenses and other noncash items that are allowed as deductions on any federal tax return." Mary's argument ignores the fact that the equipment costs and leasehold improvements were not "noncash items,"

but were actual cash items, expended in 1989 by Michael for the generation of income in his dental practice, which reduced his self-generated income. That portion of R.C. 3113.215(A)(4) which excludes depreciation expenses and noncash deductions from ordinary and necessary business expenses is designed to ensure that a parent's gross income is not reduced by any sum that was not actually expended in the year used for computing child support. As such, it is inapplicable to the facts of this case, and the trial court did not err when it deducted the equipment costs and leasehold improvements as ordinary and necessary business expenses.

Appellant's first assignment of error is overruled.

### Assignment of Error II

"The trial court erred, as a matter of law, in computing the defendant's gross income (upon which child support was computed) by deducting from the defendant's self-employment gross receipts a voluntary Keogh retirement plan contribution made by the defendant."

█ Mary also argues that the trial court erred when it held that Michael's 1989 contribution of $21,391 to his Keogh plan was an ordinary and necessary business expense and deducted the cost of the contribution from his self-generated income. Essentially, Mary is arguing that the trial court's finding was against the manifest weight of the evidence. When asked to reverse the verdict based on the manifest weight of the evidence, this court's standard of review is limited:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 280, 8 O.O.3d 261, 262, 376 N.E.2d 578, 579.

Mary argues that the trial court's ruling was inconsistent with its findings of fact, in which the trial court described the Keogh plan as a "plan for [Michael's] personal benefit to which he can make a non-mandatory contribution of up to $30,000 per year." However, we note that the trial court also specifically found that "the Keogh contribution is an ordinary and necessary expense incurred in generating gross receipts for the dental practice." Furthermore, we find ample support for this finding in the record.

Both Mary and Michael, as well as Michael's accountant, David Wilson, testified that the Keogh plan was offered as an employee benefit to Michael's employees in his dentistry practice. Furthermore, both Michael and Wilson testified that the maintenance of a Keogh plan was a necessary employee benefit in order to attract and keep good employees. Wilson testified that

although contributions to the Keogh plan were termed "discretionary," the value of the plan to maintaining good employees made the contributions a "necessary cost of doing business." Finally, Wilson explained that, because employees could not "get contributions until [Michael] makes a contribution," Michael's contributions were, in fact, mandated.

Upon our review of the record, we do not find that the trial court's conclusion, that the Keogh plan contribution was a necessary and ordinary business expense, was against the manifest weight of the evidence. Therefore, the trial court properly excluded Michael's Keogh plan contribution from his self-generated income, pursuant to R.C. 3113.215(A)(3) and (4). Appellant's second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

CACIOPPO, J., concurs.

QUILLIN, P.J., concurs in part and dissents in part.

QUILLIN, Presiding Judge, concurring in part and dissenting in part.

I concur in the disposition of Assignment of Error I, but dissent from the disposition of Assignment of Error II.