JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Joseph J. Jajola, Jr. ("Joseph") appeals the decision of the Cuyahoga County Court of Common Pleas, Division of Domestic Relations, regarding child support. For the reasons adduced below, we reverse and remand
 {¶ 2} The following facts give rise to this appeal. Joseph was divorced from appellee Barbara Ann Jajola ("Barbara") in 1998. Joseph was awarded custody of two of the parties' minor children, Jessica (born 10/28/85) and Joey (born 7/22/92).
 {¶ 3} On November 5, 1999, Joseph filed a motion to establish child support obligation. Thereafter, on October 11, 2000, Jessica went to live with Barbara. As a result, on November 9, 2000, Barbara filed motions to modify child custody and for child support.
 {¶ 4} After hearing the matter, the lower court magistrate issued a recommendation. Joseph filed objections, which the trial court sustained in part. The magistrate then issued an amended recommendation. The amended recommendation indicated the parties had stipulated to a shared parenting plan with the exception of issues pertaining to child support. Pursuant to the shared parenting plan, Joey was to reside principally with Joseph, and Jessica was to reside primarily with Barbara.
 {¶ 5} In determining child support, the magistrate found Joseph's income to be $69,297 per year, and Barbara's to be $13,057 per year. The magistrate determined pursuant to the child support computation worksheet that Joseph should pay $580.55 per month to Barbara for child support. Joseph filed objections disputing the magistrate's finding that Barbara's income for purposes of child support was $13,057 per year. Nevertheless, the trial court adopted the magistrate's recommendation.
 {¶ 6} Joseph has appealed the trial court's decision raising one assignment of error for our review, which provides:
 {¶ 7} "The trial court's finding of appellee's annual income to be $13,057 for purposes of calculating child support was an abuse of discretion."
 {¶ 8} Although the standard of review for a trial court's child support determination is abuse of discretion, challenges to factual determinations upon which the child support order is based are reviewed using the "some competent credible evidence" standard. Bender v. Bender (Jul. 18, 2001), Summit App. No. 20157. Since a determination of gross income for support purposes is a factual finding, we must review the trial court's decision to see whether it is supported by some competent credible evidence. Fallang v. Fallang (1996), 109 Ohio App.3d 543.
 {¶ 9} Joseph maintains the trial court erred in determining Barbara's income for purposes of deciding child support. The magistrate's recommendation was based upon an average of Barbara's income from the years 1999, 2000, and 2001. In 1999, Barbara claimed $13,750 in spousal support payments as her sole income on her federal tax return. However, she testified that she had also earned unreported income from day-care work. Although, she stated, she was earning $16,000 per year by providing day-care at the time of her divorce, her circumstances had changed and she testified she was only making $250 per week in 2001. For 1999, Barbara testified she did not remember which children she was caring for, how often she was providing care, or how much she had earned. The magistrate's recommendation, which the trial court adopted, found Barbara's income for 1999 to be $13,750, the amount of Barbara's income from spousal support. No amounts were included for day-care services.
 {¶ 10} In 2000, Barbara was no longer receiving spousal support. She worked at Grand Village Assisted Living as a nurse's aide for eight or nine months. Barbara's W-2 reflected earned income of $7,622.39. Barbara reported $7,650.51 on her federal tax return as earned income. Barbara also provided day-care services in 2000. She testified about a number of children and an elderly woman she cared for and the weekly amount she was paid. While Barbara did not remember what her total income was for the year, she had testified at a prior hearing on spousal support that her income for the year was $13,200.
 {¶ 11} Barbara further testified that in 2000, she had monthly expenses totaling $3,000 per month, which amounts to $36,000 per year. Barbara also had various additional expenditures that year. She claimed she had received help from her mother and that she assumed all of her monthly expenses were current. However, Barbara stated her parents did not lend her even close to $18,000 that year. There was also evidence that Barbara's then fiance only contributed $100 per week to Barbara. Despite some suggestion, Barbara denied having worked at a bar or a bowling alley. The magistrate's recommendation found Barbara's income for 2000 to be $13,200.
 {¶ 12} In 2001, Barbara continued to provide day-care services. She testified she cared for five children and earned $250 per week. Despite this testimony, the magistrate's recommendation found Barbara's income for 2001 to be "$235 which annualizes $12,220."
 {¶ 13} The magistrate averaged the income for the three years, and determined Barbara's income for child support purposes was $13,057. Joseph argues this finding was in error since Barbara failed to present records to establish her actual income or to account for the striking discrepancy between the amount of her monthly expenses and her purportedly low income.
 {¶ 14} When a trial court determines a parent's income for purposes of calculating child support, it must verify the income "with suitable documents, including, but not limited to, paystubs, employer statements, receipts and expense vouchers related to self-generated income, tax returns, and all supporting documentation and schedules for the tax returns." R.C. 3119.05. Although federal and state tax documents provide a proper starting point to calculate a parent's income, they are not the sole factor for the trial court to consider. Foster v. Foster
(2002), 150 Ohio App.3d 298, 2002-Ohio-6390; Houts v. Houts
(1995), 99 Ohio App.3d 701, 706.
 {¶ 15} Indeed, income for child support purposes is not always equivalent to the parent's taxable income. Foster,
supra. Helfrich v. Helfrich (Sept. 17, 1996), Franklin App. No. 95APF12-1599. R.C. 3119.01 (C)(5) defines "income" for purposes of calculating child support as "either of the following: (a) For a parent who is employed to full capacity, the gross income of the parent; (b) For a parent who is unemployed or underemployed, the sum of the gross income of the parent and any potential income of the parent."
 {¶ 16} "Gross income" is defined by R.C. 3119.01(C)(7) as "the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes income from salaries, wages, overtime pay, and bonuses to the extent described in division (D) of section 3119.05 of the Revised Code; commissions; royalties; tips; rents; dividends; severance pay; pensions; interest; trust income; annuities; social security benefits, including retirement, disability, and survivor benefits that are not means-tested; workers' compensation benefits; unemployment insurance benefits; * * * and all other sources of income. `Gross income' includes * * * self-generated income; and potential cash flow from any source."Foster, supra.
 {¶ 17} At the hearing, Barbara did not provide suitable documents to establish her annual income. While she provided her income tax returns for the years 1999 and 2000, she admitted that the returns did not include income for child care services. The magistrate did not attribute any child care services to Barbara's income in 1999, despite her having testified to this unreported income. Additionally, Barbara testified to annual expenses in 2000 of at least $36,000, while purportedly making $13,200 per year. Barbara failed to account for her sources of income to cover these expenses, which she testified were current.[1]
 {¶ 18} Because of the lack of competent credible evidence in the record, we find the trial court erred in determining Barbara's income for child support purposes. The matter must be remanded to the trial court for an evidentiary hearing to redetermine Barbara's income for purposes of child support and the support obligation. Joseph's assigned error is sustained.
 {¶ 19} Judgment reversed and remanded.
Frank D. Celebrezze, Jr., P.J., and Diane Karpinski, J., concur.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
N.B. This entry is an announcement of the court's decision.
See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).
[1] We note that appellee did not file a brief in this appeal.