DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, which modified the amount of child support plaintiff-appellant, Ali Ismail, was ordered to pay in connection with an administrative review by the Lucas County Child Support Enforcement Agency ("LCCSEA"). Ismail now challenges that order through the following assignment of error:
 {¶ 2} "I. The trial court committed an error of law by failing to follow the mandates of R.C. Sections 3119.022, 3119.22 and 3119.23." *Page 2 
 {¶ 3} Appellant and defendant-appellee, Mayssa Cheaib, were divorced in 1995. As a result of that proceeding, appellee was awarded custody of the parties' only child and appellant was awarded visitation and companionship with the child. In addition, appellant was ordered to pay $50 per week as and for child support. That amount was subsequently increased at various times in accordance with administrative reviews conducted by the LCCSEA. In April 2005, the LCCSEA conducted another administrative review of the child support order and recommended that appellant's child support obligation be increased to $823.27 per month plus a processing charge. On May 19, 2005, appellant filed a request for a court mistake of fact hearing to challenge the new support order in the court below. In his request, appellant argued that his income should be averaged over a reasonable period of time due to the fluctuations in his income over the past four years.
 {¶ 4} The case proceeded to a mistake of fact hearing before a court appointed magistrate on November 10, 2005, at which both appellant and appellee testified. The parties also submitted documentary evidence including appellant's 2004 federal individual income tax return and other evidence. On January 18, 2006, the magistrate issued a decision that included findings of fact and conclusion of law. Based on those findings, the magistrate recommended that appellant's child support obligation be increased to $850 per month, plus a processing charge, effective May 1, 2005. In making this recommendation, the magistrate determined that under the Ohio child support guidelines, appellant would be obligated to pay $724.22 per month. The magistrate, *Page 3 
however, determined that this amount was unjust, inappropriate and not in the best interest of the minor child. The magistrate then determined that a deviation was warranted pursuant to R.C. 3119.23. The magistrate based this determination on the facts that appellant does not exercise any parenting time with the child, causing appellee to incur additional expenses in caring for him, there is a disparity of income between appellant and appellee which has deprived the child of the standard of living enjoyed by appellant, and that the child has educational and extracurricular needs that appellee struggles to meet.
 {¶ 5} Appellant filed objections in response to the magistrate's decision. In particular, appellant challenged the magistrate's finding that his September 9, 2004 loan application which listed his annual income as $72,000, was the most accurate evidence of his income for purposes of calculating child support. He further challenged the finding that a deviation was warranted and argued that the magistrate improperly took his current wife's income into consideration when ordering a deviation. On April 21, 2006, the lower court filed a judgment entry overruling the objections and adopting the magistrate's decision. After reviewing the transcript from the mistake of fact hearing, the court concurred with the magistrate's finding that appellant was not credible regarding his assets and income. The court further determined that the magistrate could reasonably infer that appellant's annual income was at least $72,000, that appellee had to incur additional child rearing expenses by virtue of appellant's total disregard of the parties' minor child, and that an upward deviation from the statutory child support guideline *Page 4 
amount was in the best interest of the child and was warranted. The court noted that the upward deviation was particularly appropriate given that appellee is receiving public assistance. The court therefore ordered appellant to pay child support of $850 per month, plus a two percent processing fee, effective May 1, 2005. It is from that judgment that appellant now appeals.
 {¶ 6} In his sole assignment of error, appellant contends that the lower court failed to follow the mandates of R.C. 3119.022, 3119.22 and3119.23 in calculating appellant's child support obligation and in deviating from the amount determined pursuant to the child support guidelines.
 {¶ 7} In Thomas v. Thomas, 6th Dist. No. L-03-1267, 2004-Ohio-1034, ¶ 10-13, we discussed the procedural framework for an administrative review of child support as follows:
 {¶ 8} "Child support orders may be modified pursuant to a request of one of the parties or as a result of the agency's independent review as now required by R.C. 3119.024. After a child support agency administratively reviews a current child support order, it sets forth findings of fact and recommendations based upon any new information provided by the parties, as well as the previous file information upon which the prior order was based. The parties may appeal the agency's decision to the common pleas court, either the domestic relations or juvenile divisions, depending upon which court issued the original support order. See R.C. 3119.63 and 3119.64. To conduct its review, the court schedules what is commonly referred to as a `mistake of fact' hearing. The court *Page 5 
may request or permit additional evidence to be presented by the parties at this hearing. See R.C. 3119.68. When reviewing the decision and child support worksheet prepared by the agency, the agency's factual findings may be accepted by the court, especially where no additional evidence is presented to contradict such findings.
 {¶ 9} "If a magistrate conducts the hearing and issues a decision, any objections must be filed within 14 days of the filing of the decision pursuant to Civ.R. 53(E). In support of his or her objections, the party must also file a transcript of the hearing or an affidavit of the evidence if a transcript is not available. Civ.R. 53(E)(3). After conducting an independent review of the evidence, the trial court may then adopt, reject, modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. Civ.R. 53(E)(4)(b). The court may consider additional evidence regarding the objections if the party offering such evidence demonstrates that the evidence could not, with reasonable diligence, be produced for the magistrate's consideration. Id.
 {¶ 10} "In making its ultimate decision in child support matters, the trial court possesses considerable discretion. The decision of the trial court will be reversed only if it is an abuse of that discretion.Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390 * * *. An `abuse of discretion' connotes that the trial court's judgment was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1993),5 Ohio St.3d 217, 219 * * * .
 {¶ 11} "Nevertheless, challenges to factual determinations upon which the child support order is based are reviewed using the `some competent, credible evidence' *Page 6 
standard. See Masitto v. Masitto (1986), 22 Ohio St.3d 63, 66 * * * (citing CE. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, * * * to apply the `some competent credible evidence' standard to a factual determination by the trial court). See, also, Jajola v.Jajola, 8th Dist. No. 83141, 2004-Ohio-370, at ¶ 8; Hissa v. Hissa, 8th Dist. Nos. 79994 79996, 2002-Ohio-6313; Spinetti v. Spinetti (Mar. 14, 2001), Summit App. No. 20113; Bender v. Bender (July 18, 2001), Summit App. No. 20157; Fallang v. Fallang (1996), 109 Ohio App.3d 543, 548, * * *. R.C. 3119.02 governs the calculation of a party's child support obligation. It provides that the amount of child support shall be calculated `in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of sections 3119.02 to3119.24 of the Revised Code.'"
 {¶ 12} Appellant contends that the lower court erred in its calculation of child support by listing his annual income as $72,000 and then additionally erred in deviating from the guideline calculation amount without determining that the guideline amount would be unjust, inappropriate and not in the best interest of the child.
 {¶ 13} With regard to his annual income, appellant asserts that his 2002, 2003 and 2004 income tax returns were a better measure of his income than the 2004 loan application and that the court erred in failing to consider those documents. Because a determination of gross income for support purposes is a factual finding, we must review the lower court's decision to determine whether its calculation of appellant's income was supported by some competent, credible evidence. *Page 7 
 {¶ 14} Appellant submitted his tax returns to the court below in support of his assertion that his annual taxable income was approximately $33,000. Appellee countered this evidence with a copy of a loan application that appellant and his wife had completed in September 2004, for the purchase of their marital home. The purchase price of that house was $440,000 of which appellant and his wife borrowed $396,000. The loan application lists appellant's monthly income as $6,000. His wife's monthly income on the application was redacted for purposes of the proceeding below. Appellant earns income from various sources. He is in the restaurant business which he incorporated in October 2003. He claimed $7,000 in wages and $7,000 in dividends from that corporation in 2004. He also owns either individually or with his wife over 20 rental properties. He purchased 15 of those properties in 2004, for a total purchase price of $445,837.71. While these properties are mortgaged, appellant was nonetheless able to purchase them as well as the new marital home noted above. Appellant is also the statutory agent for two investment corporations. His actual involvement in those companies, however, is unclear, and the lower court noted that appellant offered no explanation as to his involvement in those companies. Finally, appellant testified to $5,634 in monthly expenses.
 {¶ 15} The magistrate concluded that appellant's testimony of his income was simply not credible and upon review of the transcript, the lower court agreed. The court then determined that the only credible evidence of appellant's income was that set forth in the 2004 loan application which appellant signed and represented as true and accurate. *Page 8 
Upon a review of the record, we must conclude that this finding was supported by some competent, credible evidence and that the lower court did not err in determining that appellant's annual income for purposes of calculating child support was $72,000.
 {¶ 16} We will now address the crux of appellant's assignment of error. Appellant contends that even using the $72,000 figure as his annual income, the lower court erred in deviating from the child support guideline amount.
 {¶ 17} R.C. 3119.02 provides that whenever a court is calculating the amount of a child support obligation, it must calculate the amount of the obligor's child support obligation in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of R.C. 3119.02 to 3119.24. R.C. 3119.22 then permits the trial court to order a child support amount that deviates from the standard child support determined after completing the applicable worksheet and referencing the basic child support schedule. However, in order to deviate from the schedule, the court must find, after considering the factors and criteria set forth in R.C. 3119.23, that the amount calculated pursuant to the schedule and applicable worksheet "would be unjust or inappropriate and would not be in the best interest of the child." R.C. 3119.22. Moreover, if it orders a child support amount that deviates from that calculated pursuant to the schedule and applicable worksheet, "the court must enter in the journal the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, its determination *Page 9 
that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination." Id.
 {¶ 18} The factors and criteria under R.C. 3119.23 that the court is to consider in determining whether to grant a deviation pursuant to R.C.3119.22 include:
 {¶ 19} "(D) Extended parenting time or extraordinary costs associated with parenting time * * *;
 {¶ 20} "* * *
 {¶ 21} "(G) Disparity in income between parties or households;
 {¶ 22} "(H) Benefits that either parent receives from remarriage or sharing living expenses with another person;
 {¶ 23} "(I) The amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both of the parents;
 {¶ 24} "(J) Significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing;
 {¶ 25} "(K) The relative financial resources, other assets and resources, and needs of each parent;
 {¶ 26} "(L) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married;
 {¶ 27} "* * * *Page 10 
 {¶ 28} "(N) The need and capacity of the child for an education and the educational opportunities that would have been available to the child had the circumstances requiring a court order for support not arisen[.]"
 {¶ 29} The trial court is granted wide discretion in its decision on whether to deviate from the statutory support schedule and child support worksheet calculations and the trial court's determination that a deviation is warranted will not be disturbed absent and abuse of that discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144; Ontko v.Ontko, 6th Dist. No. E-03-050, 2004-Ohio-3805.
 {¶ 30} In the proceeding below, the magistrate determined that the monthly child support obligation appellant would owe pursuant to the schedule and applicable worksheet would be $724.22. The magistrate then expressly stated that this amount was unjust, inappropriate and not in the best interest of the child. In stating that a deviation was warranted, the magistrate made the following express determinations pursuant to the factors and criteria set forth in R.C. 3119.23:
 {¶ 31} "Section (D) provides that the court review parenting time or the extraordinary costs associated with parenting time. In the present case, the Plaintiff does not exercise any parenting time with his child. The Lucas county court schedule anticipates that the non-residential parent will have possession of the child approximately 33% of the year. When a parent fails to exercise their right to possession of their child, the additional expense of caring for the child falls upon the residential parent. *Page 11 
 {¶ 32} "Sections (G-L) directs [sic] the court to look at the incomes and standard of living of the parties. In this case the Plaintiff and his spouse have amassed substantial real estate, an expensive marital home, and have demonstrated a combined income of over $100,000. They report and pay taxes on a taxable income of $33,106.00. The Defendant's husband is routinely unemployed, she earns less than minimum wage and has her income supplemented by government assistance food stamps and health care. It is clear that this disparity of income and the Plaintiffs refusal to visit has deprived the child of [the] standard of living enjoyed by the Defendant [sic].
 {¶ 33} "Section (N) requires the court to look at the education and educational needs of the child and what opportunities would be available had the parties not divorced. With her limited funds the Defendant has placed the child in the Toledo Academy, has enrolled him in extracurricular activities and has borrowed money to afford his school and athletic uniforms as well as activity fees. This struggle to provide the minimum for the child would not exist if the parties had not divorced and Defendant had not been forced to raise the child on the meager child support paid by Plaintiff."
 {¶ 34} Based on the above factors, the magistrate recommended an upward deviation in appellant's child support obligation to $850 per month. Upon review of the transcript and appellant's objections, the court adopted the magistrate's decision and ordered appellant to pay $850 per month in child support. We have thoroughly reviewed the record in this case. We find that there is ample support in the record to support the findings made by the magistrate and adopted by the trial court and cannot say that the *Page 12 
trial court abused its discretion in ordering an upward deviation in appellant's child support obligation. The sole assignment of error is therefore not well-taken.
 {¶ 35} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski P.J., Arlene Singer, J., William J. Skow, J. CONCUR. *Page 1