JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal, defendant-appellant John P. Sender, pro se ("John") claims that the trial court erred in adopting the magistrate's decision that denied his motion to modify child support and awarded a portion of attorney fees to plaintiff-appellee Sharon A. Flynn ("Sharon"). For the reasons set forth below, we affirm the decision of the trial court.
 {¶ 2} On March 30, 2000, the parties were divorced. Pursuant to a judgment entry entered on June 4, 2001, John's income was listed at $40,000 and he was ordered to pay Sharon $746.04 per month as child support for the parties' two minor children.
 {¶ 3} On May 29, 2002, John filed for Chapter 7 Bankruptcy.
 {¶ 4} On June 13, 2002, John filed a motion to modify child support.
 {¶ 5} On May 15, 2003, Sharon filed two motions for sanctions and attorney fees for John's failure to comply with discovery requests.
 {¶ 6} On June 25, 2003, the Cuyahoga Support Enforcement Agency ("CSEA") filed a motion to show cause for John's failure to pay court-ordered child support.
 {¶ 7} Hearings on these motions were held on September 15, 2003 before a magistrate. Both parties testified. John testified that he is the owner of Metro Home Inspections and is the sole employee. He testified that his company earned approximately $57,000 in 2001 and 2002, but that he only took a salary of $6,000 for those years after all expenses were paid out. John testified that he filed his motion to modify child support because the child support payments forced him to declare bankruptcy.
 {¶ 8} Sharon testified that John's business expenses in the amount of approximately $55,000 included his cable bill, four cell phones, including his new wife's cell phone, trips to Disney Land, golf cart rentals, and cough drops.
 {¶ 9} On September 25, 2003, the magistrate issued his decision and denied John's motion to modify child support. Specifically, the magistrate found that there was no substantial change in circumstances to necessitate a modification of the child support order of $746.04 per month. John was also found to be in contempt for being $6,693.10 in arrears of his child support obligation. The magistrate also determined that the tax exemption of both children should be awarded to Sharon, subject to further jurisdiction of the court. Finally, the magistrate awarded Sharon $500 in attorney fees for John's failure to comply with prior orders of the court.
 {¶ 10} On October 7, 2003, John filed objections to the magistrate's decision. On March 1, 2004, the trial court overruled in part and sustained in part the objections and modified the magistrate's decision as follows: (1) John was ordered to pay $837.46 per month (current support order plus $75 per month on arrearage plus 2% fee) in child support; (2) Sharon would receive the tax exemption for both children in 2003, and John would receive the tax exemption for one child in 2004 and thereafter, provided he is current on his child support obligation for that year; (3) John's contempt finding could be purged if he paid $13,000 to OCSPC by April 15, 2004; and (4) John was ordered to pay $500 towards Sharon's attorney fees.
 {¶ 11} John raises four assignments of error in his brief before us, which will be addressed together where appropriate.
 {¶ 12} "I. The trial court abused its discretion and committed reversible error in finding that the defendant-appellant's ordinary business expenses are only $12,000.00.
 {¶ 13} "II. The trial court abused its discretion and committed reversible error in finding that the defendant-appellant's total gross income is $41,536.00."
 {¶ 14} In his first and second assignments of error, John asserts that the trial court incorrectly determined his income for the purpose of determining his child support obligation. He argues that the trial court did not credit him for all of his business expenses or take into account that he only owns 51% of the business.
 {¶ 15} A trial court's decision regarding a child support obligation is reviewed under an abuse of discretion standard.Booth v. Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 16} R.C. 3119.01(C)(5) defines "income" for the purpose of calculating child support as follows: (a) For a parent who is employed to full capacity, the gross income of the parent.
 {¶ 17} "Gross income" is defined as "the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable[.]" R.C. 3119.01(C)(7). "Gross income" includes "self-generated income; and potential cash flow from any source." Id.
 {¶ 18} When determining the gross income of a self-employed parent, the trial court is to deduct ordinary and necessary expenses from the parent's gross receipts. Foster v. Foster,150 Ohio App.3d 298-303, 2002-Ohio-6390. "Ordinary and necessary expenses" means "actual cash items expended by the parent or the parent's business." R.C. 3119.01(C)(9)(a). The trial court has a duty to carefully examine the evidence of corporate expenses and deductions as related to possible personal income to avoid the possibility that assets are being concealed to avoid paying child support. Sizemore v. Sizemore (1991), 77 Ohio App.3d 733,738-739.
 {¶ 19} With these principals in mind, we proceed to address John's individual assignments of error.
 {¶ 20} Business Expenses
 {¶ 21} John is a self-employed home inspector. In 2001, his federal income tax return showed an adjusted gross income of $6,295 based on gross receipts of $54,610. In 2002, he claims to have made an adjusted gross income of $9,032 based on $59,035 in gross receipts. John maintains that his business expenses caused his income to decline relative to gross receipts. He maintains that he provided tax forms for the years 2001 and 2002 that included all of his business expenses and that the trial court erred in not accepting these amounts when determining his business expense deduction on the Child Support Computation worksheet.
 {¶ 22} A trial court is not required to "blindly accept all of the expenses appellant deducted in previous [tax] returns as ordinary and necessary expenses incurred in generating gross receipts." Dressler v. Dressler, Warren App. No. CA2003-05-062, 2004-Ohio-2072; Flege v. Flege, Butler App. No. CA2001-09-225, 2002-Ohio-6105; Cutter v. Cutter (Jan. 31, 1994), Butler App. No. CA93-05-091. Specifically, a court is not required to deduct a parent's losses from his income simply because they were claimed on his federal tax returns. Dressler, supra. See, also,Houts v. Houts (1995), 99 Ohio App.3d 701, 706 (a tax return is not the only indication of a person's income or expenses).
 {¶ 23} Here, the record shows that the trial court considered John's claim of legitimate business deductions but apparently was not convinced that all of the business deductions reflected "ordinary and necessary" expenses incurred in generating gross receipts. Specifically, the magistrate found that the "actual business expenses for a Home Inspector are surely minimal, driving and mechanical expenses being the most noticeable." Although the record is not clear on how the trial court arrived at the figure of $12,000, it is clear that the trial court weighed the evidence, determined the credibility of the witnesses, and arrived at an estimate of John's actual business expenses that was not unreasonable or unconscionable.
 {¶ 24} Gross Income
 {¶ 25} For the tax years 2001 and 2002, John's corporate gross receipts averaged $56,823 per year.[1] Thus, the trial court did not err in arriving at a figure of $56,000 for gross receipts. After the business expenses of $12,000 and the 5.6% deduction for self-employed individuals are taken into consideration, it is clear that the trial court correctly determined that John's gross income was $41,536 for child support purposes.
 {¶ 26} 51% Share of Corporation
 {¶ 27} During the hearing, John testified that he is the sole owner and employee of Metro Home Inspection. At no time did he state that he only owned 51% of the business. A review of the record indicates that the court did visit this issue in 2001 and was not convinced that John's current wife was a 49% owner of the business. Specifically, the magistrate found that the "husband had transferred 49% of his business to his "partner for life," Maryann, in the year 2000 for no consideration. The court can assume his new partner, with no experience in the business, is somewhat responsible for his decrease in salary." Based on the specific history of this case, we do not find that the trial court abused its discretion in determining the amount of John's gross income based upon his sole ownership of the business.
 {¶ 28} The first and second assignments of error are overruled.
 {¶ 29} "III. The trial court abused its discretion and committed reversible error by ordering the defendant-appellant's [sic] to pay $500.00 toward attorney fees."
 {¶ 30} In his third assignment of error, John contends that the trial court should not have required him to pay any of Sharon's attorney fees. We disagree. R.C. 3109.05(C) requires the trial court to impose reasonable attorney fees on a party who is found in contempt of court for failure to make court-ordered support payments. Since John was found in contempt, the trial court was required to impose attorney fees on him. Accordingly, this assignment of error is overruled.
 {¶ 31} "IV. The trial court abused its discretion and committed reversible error by modifying the parties agreement to allow the defendant-appellant to claim Rory as a dependent for income tax purposes."
 {¶ 32} In the final assignment of error, John asserts that the trial court erred in failing to award him one of the children's federal income tax exemptions in 2003. John claims that he should have been allowed to claim one of the children as a dependent since the parties had previously agreed to such an arrangement.
 {¶ 33} The decision to allocate tax exemptions is a matter left to the discretion of the trial court. Boose v. Lodge,
Hardin App. No. 6-03-04, 2003-Ohio-4257. R.C. 3119.82 requires the trial court to consider any "relevant factor concerning the best interest of the children" in making such a decision. Singerv. Dickinson (1992), 63 Ohio St.3d 408.
 {¶ 34} Here, John was found to be in arrears on his child support obligation for the year 2003. Many courts have found this to be a "relevant factor" and have temporarily allocated tax exemptions to one parent until the other parent becomes current on the child support obligation. See Syslo v. Syslo, Lucas App. No. L-01-1273, 2002-Ohio-5205; Yeaton v. Yeaton, Montgomery App. No. 18727, 2001-Ohio-1690; Goff v. Goff (June 29, 2001), Greene App. No. 2001 CA 7. We agree with this reasoning and do not find that the trial court abused its discretion when it allowed Sharon to claim both children as dependents for the year 2003.
 {¶ 35} The fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Rocco, J., Concur.
[1] John's 2001 federal income tax return showed gross receipts of $54,610. His 2002 federal income tax return showed gross receipts of $59,035.