OPINION
{¶ 1} Defendant-appellant, Stephen D. Hornung, appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, journalizing a March 9, 2006 divorce decree between appellant and plaintiff-appellee, Kathy J. Hornung, and to deny appellant's Civ.R. 60(B) motion to set aside the divorce decree. *Page 2 
 {¶ 2} On November 9, 2004, appellee filed a complaint for divorce from appellant. On November 29, 2004, appellant filed a counterclaim for divorce from appellee. Most relevant here, the parties and their attorneys signed an agreed judgment entry-decree of divorce with the handwritten words "memorandum of agreement." The document denoted an agreement that appellant's military retirement plan "shall be equally divided between the parties, pursuant to a Qualified Domestic Relations Order or any other document that is necessary in order to effectuate the transfer of one-half of [appellant's] interest in the account to [appellee]." The trial court did not sign the document, but the parties journalized the document on January 6, 2006.
 {¶ 3} The trial court, appellee, and appellee's counsel signed an agreed judgment entry-decree of divorce, journalized on March 9, 2006. However, appellant did not sign the document, and his signature line contained the words "submitted but not signed."
 {¶ 4} The March 2006 divorce decree granted the parties' divorce and reiterated language from the January 2006 "memorandum of agreement" that appellant's military retirement plan "shall be equally divided between the parties, pursuant to a Qualified Domestic Relations Order or any other document that is necessary in order to effectuate the transfer of one-half (50%) of [appellant's] interest in the account to [appellee]." However, unlike the January 2006 document, the March 2006 divorce decree also stated that appellant "agrees to give [appellee] the benefit of any increases in the cost of living allowances on his Disposable Retired Pay. The cost of living increase shall be based on [appellee's] share of [appellant's] Disposable Retired Pay." *Page 3 
 {¶ 5} On March 30, 2006, appellant filed a notice of appeal with this court in regard to the March 2006 divorce decree. Also on March 30, 2006, appellant filed with the trial court a Civ.R. 60(B) motion to set aside the March 2006 divorce decree. In the Civ.R. 60(B) motion, appellant argued that appellee "believes that she is * * * allegedly entitled to the cost of living increases [on appellant's military retirement benefits]. This was not agreed to in the [January 2006] Entry and is not specifically set forth therein. * * * In this particular instance, [appellant] objects to the [cost of living adjustments] being included." Yet, appellant failed to state under which subsection of Civ.R. 60(B) he claimed entitlement to relief.
 {¶ 6} Subsequently, we remanded appellant's appeal to permit the trial court to rule on appellant's Civ.R. 60(B) motion. On remand, the trial court denied appellant's Civ.R. 60(B) motion, noting:
 * * * [Regarding the issue of the [cost of living adjustment on the military retirement benefits division], the Court can interpret the [phrase] on pages 3-4 of the Memorandum of Agreement under "Retirement Accounts" that states, "[appellant's] retirement plan through the United States Air Force shall be equally divided between the parties * * *" to include [appellant's] [cost of living adjustment], because [appellant] had an interest in the right to the [cost of living adjustment] at the time the Memorandum of Agreement was signed.
 {¶ 7} After the trial court ruled on the Civ.R. 60(B) motion, we reinstated appellant's appeal. Appellant raises four assignments of error:
 First Assignment of Error
 The Court below abused its discretion by wrongfully adopting an Agreed Judgment Entry — Decree of Divorce that differed from the handwritten Memorandum of Agreement and Exhibit A of January 5, 2006 and was not agreed to by the parties. *Page 4 
 Second Assignment of Error
 The Court abused its discretion in adopting an Entry that was not agreed to by the parties.
 Third Assignment of Error
 The lower Court abused its discretion in adopting and entering a document drafted by counsel for an opposing spouse that goes beyond what was set forth in the original Memorandum of Agreement and should not be upheld.
 Fourth Assignment of Error
 The trial Court abused its discretion in overruling Defendant's 60(B) Motion and in affirming an Agreed Judgment Entry — Decree of Divorce that inaccurately reflected the agreement and negotiations of the parties.
 {¶ 8} We will address together appellant's first, second, and third assignments of error. In these assignments of error, appellant argues that the trial court abused its discretion by adopting the March 2006 divorce decree. At oral argument, appellant focused his argument upon the decree's award to appellee of cost of living adjustments on appellant's military retirement benefits, despite the January 2006 settlement agreement not expressing such an award and despite appellant's assertion that the parties never agreed upon such an award.
 {¶ 9} A settlement agreement in a divorce action is a contract between the parties terminating a marriage. See Schrock v. Schrock, Madison App. No. CA2005-04-015, 2006-Ohio-748, at ¶ 14. "It is well-established that where negotiations between the [divorcing] parties have resulted in an agreement as to property division, the terms of which are memorialized on the record, the court may properly incorporate the agreement into its journal entry and make it a part thereof." Id. at ¶ 13. *Page 5 
 {¶ 10} However, a trial court may not "force an agreement upon the parties." Kilroy v. Kilroy, Geauga App. No. 2002-G-2470, 2003-Ohio-5214, at ¶ 13, citing Rulli v. Fan Co. (1997), 79 Ohio St.3d 374, 376. Rather, a trial court must conduct an evidentiary hearing to adjudicate any disputes pertaining to the settlement agreement. Rulli at 377;Schrock at ¶ 41; Kilroy at ¶ 12. A trial court abuses its discretion by adopting a settlement agreement without conducting a hearing to adjudicate disputes. Phillips v. Phillips, Stark App. No. 2004CA00105,2005-Ohio-231, at ¶ 25; Kilroy at ¶ 11; Rulli at 376.
 {¶ 11} Here, the record verifies a dispute as to whether the parties agreed to award appellee cost of living adjustments on appellant's military retirement benefits. In particular, the January 2006 settlement agreement that the parties signed did not expressly mention such cost of living adjustments, but the March 2006 divorce decree did, and appellant would not sign the March 2006 divorce decree. However, the record does not reflect an evidentiary hearing to resolve the dispute before the court adopted the March 2006 divorce decree, as required by Rulli,Schrock, and Kilroy.
 {¶ 12} In so concluding, we acknowledge appellee's assertion in her appellate brief that her counsel prepared the finalized agreed judgment entry-decree of divorce and "presented it to Appellant's counsel on January 27, 2006. * * * Appellant refused to sign the Decree. Pursuant to Local Rule 12, Appellee gave notice that she was submitting the Decree to the trial court because of Appellant's refusal to sign it. The trial court scheduled a hearing on the issue for March 9, 2006. The parties' counsel and Appellee appeared; Appellant did not. The trial court then signed the Decree as presented." However, we find nothing in our appellate record to support appellee's *Page 6 
assertions. Thus, we do not consider appellee's assertions because we cannot properly assume as true the allegations in a party's brief without record support. See Stutzman v. U.S. Health Corp. of SouthernOhio (Dec. 21, 1990), Scioto App. No. 1861; Boyd v. Boyd (Oct. 27, 1995), Erie App. No. E-95-003.
 {¶ 13} We also recognize that appellee attached to her brief an August 31, 2005 pension evaluation report that calculated the value of appellant's military retirement benefits with cost of living adjustments. However, we cannot consider the report because appellee never included the report as part of the trial court record of proceedings. See App.R. 9; Paulin v. Midland Mutl. Life Ins. Co. (1974),37 Ohio St.2d 109, 112; City of Upper Arlington v. Cook (Apr. 18, 2000), Franklin App. No. 99AP-251. Regardless, the fact remains that the trial court did not hold an evidentiary hearing to resolve the dispute on the cost of living adjustment issue pursuant to Rulli, Schrock, andKilroy.
 {¶ 14} In support of the trial court's adoption of the March 2006 divorce decree, appellee relies on Brilla v. Mulhearn,168 Ohio App.3d 223, 2006-Ohio-3816, a divorce case. In Brilla, William Mulhearn, the ex-husband, sought contempt proceedings against Cynthia Brilla, his ex-wife. Mulhearn asserted that Brilla violated the divorce decree by claiming their son as a dependent on her income taxes and precluding Mulhearn from taking the dependent deduction on his income taxes. Ultimately, the parties entered into a settlement agreement and read it into the record. In the agreement, Brilla admitted that she was in contempt of court, and agreed to reimburse Mulhearn for the lost deduction and for court costs and attorney fees. Subsequently, the magistrate issued a decision to reflect the settlement agreement. Brilla filed a motion to set aside the *Page 7 
magistrate's decision. The trial court granted the motion and set aside the magistrate's decision and effectively nullified the terms of the settlement agreement. The trial court noted discrepancies between the settlement agreement as read into the record and the magistrate's journalization of the agreement in its decision.
 {¶ 15} Mulhearn appealed, arguing both that the trial court improperly set aside the parties' settlement agreement and that the parties' settlement agreement should have precluded Brilla's objections to the magistrate's decision. The Ninth District Court of Appeals agreed and reversed the trial court's decision. The appellate court concluded that Brilla should be held to the settlement agreement and that the magistrate's discrepancies in its decision journalizing the settlement agreement did not "nullify the settlement agreement" as "clearly stated in the record." Id. at ¶ 13.
 {¶ 16} We find appellee's reliance on Brilla misplaced.Brilla did not involve the parties' dispute in the settlement agreement itself, but involved a magistrate issuing a decision with discrepancies from the parties' settlement agreement. Here, a dispute had arisen regarding terms of the parties' settlement agreement itself, and, pursuant to Rulli, Schrock, and Kilroy, the trial court was required to hold an evidentiary hearing to resolve the dispute.
 {¶ 17} Accordingly, we conclude that the trial court abused its discretion in adopting the March 2006 divorce decree without holding an evidentiary hearing to resolve the dispute on whether the parties agreed to award appellee cost of living adjustments on appellant's military retirement benefits. As such, we sustain appellant's first, second, and third assignments of error. *Page 8 
 {¶ 18} In his fourth assignment of error, appellant asserts that the trial court erred by overruling his Civ.R. 60(B) motion to set aside the March 2006 divorce decree. However, this assignment is now moot because we have concluded that the trial court abused its discretion in adopting the March 2006 divorce decree that appellant sought relief from via Civ.R. 60(B). See App.R. 12(A)(1)(c).
 {¶ 19} In summary, we sustain appellant's first, second, and third assignments of error, and we render moot appellant's fourth assignment of error. As such, we reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and we remand this cause to that court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
PETREE and GREY, JJ., concur.
GREY, J., retired of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1