JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Jay G. Tokar ("Jay") appeals the court's final judgment in this divorce case against his former wife, Jane Tokar ("Jane"). Finding no merit to the appeal, we affirm.
 {¶ 2} Jay and Jane were married on July 29, 1983 and had three children together, the youngest still a minor and living with Jane at the time of trial. After over 20 years of marriage, on April 15, 2005, Jane filed for divorce, which Jay answered and counterclaimed for divorce. The matter proceeded to a four-day trial where each party presented evidence as to the value of the marital assets, Jay's income, and compliance with temporary court orders, including child and spousal support.
 {¶ 3} The parties are both in their late forties and both graduated from John Carroll University. Jay, a certified public accountant, obtained his CPA shortly before the parties were married. Jane graduated with a degree in teaching and was a school teacher at the time of their marriage but stopped teaching to care for and raise their children. She was a homemaker for 22 years. During the course of their marriage, the parties enjoyed a high standard of living, resulting from Jay's success in operating his own accounting firm and real estate investment company. Jay also has ownership interests in a number of other entities.
 {¶ 4} At trial, the parties disputed the value of the marital assets and Jay's current income.
 {¶ 5} On February 5, 2007, the trial court issued a judgment dividing the marital property and assets, and awarded appellee spousal and child support. *Page 4 
 {¶ 6} On March 2, 2007, appellant filed a motion for relief from judgment, which included as exhibits various documents that were not part of the record at the time of judgment. On March 6, 2007, Jay filed the instant appeal, and on September 17, 2007, we granted Jane's request to have the post-judgment documents stricken from the record, pursuant to App. R. 9(A).
 {¶ 7} Jay appeals, raising the following three assignments of error:
 {¶ 8} "[I.] The trial court erred when it did not treat the entities owned by the parties in a consistent manner resulting in an inaccurate valuation of the marital assets distribute to the parties.
 {¶ 9} "[II.] The trial court erred when it totally disregarded the testimony and evidence presented by the appellant and adopted the erroneous and misleading conclusions of the plaintiff's expert witness as to the income of the appellant.
 {¶ 10} "[III.] The trial court erred by awarding spousal support to the plaintiff which was not fair, equitable and in accordance with the law."
 Standard of Review {¶ 11} A trial court's decision regarding the allocation of marital property and spousal support will not be reversed on appeal absent an abuse of discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 130. An abuse of discretion connotes more than an error of law; it "implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), *Page 5 5 Ohio St.3d 608, 609. As long as the trial's court division of marital property, calculation of income, and award of spousal support are supported by some competent, credible evidence, this court will not disturb the trial court's decision. Masitto v. Masitto (1986),22 Ohio St.3d 63, 66; Holcomb, supra, at 130. Indeed, under this deferential standard, we may not freely substitute our judgment for that of the trial court. Soulsby v. Soulsby, 4th Dist. No. 07CA1, 2008-Ohio-1019, citing In re Jane Doe I (1991), 57 Ohio St.3d 135, 137-138.
 {¶ 12} Applying the foregoing standard of review, we will address each of Jay's assignments of error.
 Valuation of the Assets {¶ 13} In his first assignment of error, Jay argues that the trial court improperly valued the marital assets, thereby causing an inequitable distribution of the martial property. He specifically complains that the trial court overlooked certain liabilities in calculating the value of the assets, namely, the property located at 140 Middle Avenue (alleged negative value of $473,844) and debts related to JGT Enterprises, which included a loan ($387,235) owed to Independence Bank. He further contends that the trial court erroneously failed to reduce the overall assets by $390,000 — the negative value of JGT Mortgage Investors, LLC (JGTMI).
 {¶ 14} Initially, we note that Jay's attempt to support his argument with the affidavits of a tax attorney (attached to his motion for relief from judgment) fails. Jay relies on these affidavits to support the financial documents prepared in his own defense and to bolster his claim that the trial court erroneously valued the marital *Page 6 
assets. But these documents were not properly before the trial court when it issued its judgment on February 5, 2007; nor are they properly before us now, as they were stricken from the record as "post-judgment documents," per App. R. 9(A). Jay cannot attack the final judgment of the trial court in a direct appeal with documents attached to a pending Civ. R. 60(B) motion. See Russell v. Russell (July 24, 1985), 2d Dist. No. 2039. Indeed, we may review only what was before the trial court at the time it issued the order being appealed. See Hornung v.Hornung, 10th Dist. No. 06AP-304, 2007-Ohio-3222, ¶ 12-13; Chickey v.Watts, 10th Dist. Nos. 04AP-818, 04AP-1269, 2005-Ohio-4974, ¶ 14
("Appellate review is limited to the record as it existed at the time the trial court rendered its judgment.").
 {¶ 15} Contrary to Jay's assertion, we find no abuse of discretion by the trial court in valuing the marital assets. Although Jay complains of the value that the trial court gave certain marital assets, the record reflects that the trial court primarily relied on either stipulated valuations or a value presented by Jay, when such valuation was substantiated by a bank document or other independent documentation. As to Jay's claim that the trial court failed to account for the negative value of the property located at 140 Middle Avenue, Jay failed to present any independent documentation to support his self-serving claim. The mere fact that the trial court found Jay's claim not credible does not amount to an abuse of discretion. See, e.g., Ockunzzi v.Ockunzzi, 8th Dist. No. 86785, 2006-Ohio-5741 (trial court ignored claimed business expenses because appellant failed to submit suitable documentation); Smith v. Smith, 12th Dist. No. CA2001-11-259,2002-Ohio-5449 (trial court did not abuse its *Page 7 
discretion in rejecting husband's claim that he used money withdrawn from savings plan on marital household expenses when husband failed to substantiate his self-serving testimony). Indeed, the trial court was free to reject Jay's claim that the property had a negative value when Jay failed to present any credible evidence to substantiate his assertion.
 {¶ 16} We likewise find no merit to Jay's general claim that the trial court failed to accept his testimony that the properties incurred additional debt, thereby reducing their overall value. He appears to argue that the trial court abused its discretion by not accepting his proposed financial statement of the different properties' value. Although Jay testified that the real estate market drastically declined since 2004 and that he incurred renovation costs related to some of his properties, he fails to identify what debts exactly were incurred. Again, the fact-finder is free to reject self-serving testimony, especially when it is not supported by suitable documentation.Ockunzzi, supra; see, also, Bach v. Bach (Sept. 10, 1999), 2d Dist. No. 17497 (rejecting husband's claim of the value of the property when self-serving claim was not supported by any other evidence). The mere fact that Jay listed debts on a financial statement (prepared by him for trial) does not require the trial court to accept the calculations.
 {¶ 17} Next, Jay argues that the trial court failed to take into consideration the alleged $387,235 debt owed to Independence Bank, which should have reduced the overall value of JGT Enterprises, Inc. Although the debt was generally listed on the financial statement prepared by Jay, he failed to introduce any evidence of the loan at *Page 8 
trial or evidence that Jane was a guarantor on the loan. Indeed, the trial court expressly recognized in its opinion that Jay failed to offer any evidence of the property associated with this alleged debt. To the extent that Jay attempted to attach evidence of the loan to his appellate brief, this exhibit has been stricken from the record and cannot be considered on appeal. Accordingly, because Jay failed to present credible documentation of this alleged loan or that Jane was a guarantor at the time of trial, the trial court did not abuse its discretion in disregarding Jay's self-serving statement. See, e.g.,Verplatse v. Verplatse (1984), 17 Ohio App.3d 99, 102 (trial court did not abuse its discretion in disregarding husband's self-serving testimony of alleged debt related to bankruptcy when the claim was not substantiated by the record).
 {¶ 18} Finally, as for Jay's contention that the trial court abused its discretion in not including the purported $390,000 negative value of JGTMI in the marital debt, we disagree. Aside from Jay's own self-serving statement of the purported negative value of the entity as listed in his personal financial statement, the only testimony offered regarding the alleged investment was testimony that Jay and others owned interests in JGTMI. Indeed, Jay did not offer any documentation of the entity's existence, let alone credible evidence of this alleged negative equity. Here, Jay utterly failed to demonstrate that this was a marital debt that Jane should be obligated to pay one-half. See, generally,Keating v. Keating, 8th Dist. No. 90611, 2008-Ohio-5345 (trial court did not abuse its discretion in refusing to assign negative equity to husband when it determined that such an assignment would be inequitable to the *Page 9 
wife). Accordingly, in reviewing the entire allocation of the property division, we find no abuse of discretion.
 Jay's Income {¶ 19} In his second assignment of error, Jay argues that the trial court abused its discretion in determining his average income, thereby resulting in an inaccurate and unfair award for spousal support. The crux of Jay's argument is that the trial court improperly found Jane's expert, Richard Weinberg, more credible than Jay's stated testimony and that Weinberg's analysis inflated Jay's actual income. He contends that the trial court should have solely taken the average of his federal income taxes to determine his income as opposed to relying on Weinberg's analysis of revenue and taxable income. We disagree.
 {¶ 20} In this case, the trial court was required to determine both parties' annual income for purposes of computing child support and spousal support obligations. See R.C. 3105.18 (spousal support) and R.C. 3119.02 (calculation of obligor spouse's child support obligation). Under R.C. 3119.01(C)(7), which provides guidelines for calculating child support orders, "gross income" is defined as "the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable ***." Likewise, R.C. 3105.18(C)(1)(a) directs domestic relations courts to consider "the income of the parties, from all sources," among other factors, in determining spousal support. Thus, we find no merit to Jay's claim that the trial court was limited to considering the gross income of his federal tax returns. See, *Page 10 
also, Foster v. Foster (2002), 150 Ohio App.3d 298, 301 ("Federal and state tax documents provide a proper starting point to calculate a parent's income, but they are not the sole factor for the trial court to consider.").
 {¶ 21} As for the trial court's reliance on Weinberg's testimony over Jay's self-serving testimony regarding income, we find no abuse of discretion. Indeed, issues of credibility fall squarely within the province of the fact-finder. Ewing v. Ewing, 5th Dist. No. 06-CA-148,2007-Ohio-7108, ¶ 43. Thus, the trial court acted within its authority in finding Weinberg's testimony more credible than Jay's. Second, keeping in mind our limited review on appeal, we cannot substitute our judgment for that of the trial court when the trial court's decision is supported by competent, credible evidence. See Masitto, supra.
 {¶ 22} Here, the trial court's determination of income is supported by competent, credible evidence. To determine an equitable income, the trial court averaged the last three years of Jay's reported IRS income, along with his average cash flow, and split the difference. Although Jay argued that his average annual income was $140,598 (the average of his reported IRS income for the last three years), the trial court determined his income to be $257,679 for purposes of support.
 {¶ 23} To determine Jay's cash flow, Jane offered the expert report and testimony of Weinberg, who prepared an analysis of the revenue and taxable income generated by Jay for the period December 31, 2002 to December 31, 2005. He based his analysis on tax returns, financial statements and general ledgers, which were all prepared by Jay in his capacity as a CPA. To arrive at Jay's cash flow, *Page 11 
Weinberg added Jay's taxable income, benefits received, and distributions. To the extent that Weinberg ignored certain self-serving documents or statements prepared by Jay, he explained that they were misleading and incorrect. For example, Jay erroneously represented that his country club dues, gifts for and vacations with his girlfriend, and other personal items were standard business expenses. Weinberg further excluded Jay's claimed contributions and loans to various entities because he found insufficient documentation (such as a check) to support Jay's purported reduction in gross income. Based on Weinberg's testimony and report, in conjunction with Jay's IRS reported income, the trial court's determination of income was based on competent and credible evidence.[1]
 {¶ 24} Jay argues that Weinberg's report is riddled with errors. In support of this claim, Jay again attempts to rely on evidence, namely, the affidavit of a tax attorney, that was not before the trial court at the time of trial and has been stricken from the record. Thus, we summarily reject his argument.
 {¶ 25} We likewise find no merit to Jay's claim that the trial court erred in including the entirety of the benefits he received from JGT Enterprises, Inc. and Tokar Co. as part of his income. The trial court rejected Jay's claim that the "benefits received" constituted valid business expenses that should not be considered as income. Notably, Jay failed to substantiate his claim that he used this money solely for business-related purposes. Further, to the extent that some of these expenses *Page 12 
were listed as deductions, this court has repeatedly recognized that "[a] trial court is not required to blindly accept all of the expenses an appellant claims to have deducted in his tax returns as ordinary and necessary expenses incurred in generating gross receipts."Ockunzzi, supra, at ¶ 53, citing Flynn v. Sender, 8th Dist. No. 84406,2004-Ohio-6283; see, also Offenberg v. Offenberg, 8th Dist. Nos. 78885, 78886, 79425, and 79426, 2003-Ohio-269, ¶ 30.
 {¶ 26} Finally, we reject Jay's claim that Weinberg's report was inaccurate because it failed to account for Jay's alleged contributions and loans to his various entities, which would have reduced his income. Weinberg explained his reasoning for disregarding purported contributions and loans: they were not substantiated by the usual documentation. Indeed, Jay failed to attach a single check to the journal entries reflecting that a contribution was made. Jay offered no evidence to counter Weinberg's opinion other than his own self-serving testimony. Because Jay failed to offer competent, credible supporting documentation as to the contributions and loans, we find no abuse of discretion by the trial court in disregarding Jay's claim. SeeGerlach v. Gerlach, 10th Dist. Nos. 03AP-22, 03AP-872, 2004-Ohio-1607, ¶ 13-14 (trial court did not abuse its discretion when it disregarded a party's claim that income should be reduced by loan amount when the party failed to offer suitable documentation of the loan).
 {¶ 27} Accordingly, because the trial court's determination of Jay's income is supported by competent, credible evidence, we find no abuse of discretion and overrule Jay's second assignment of error. *Page 13 
 Spousal Support {¶ 28} In his final assignment of error, Jay contends that the trial court's spousal support award was not fair or equitable because the trial court improperly relied on Weinberg's testimony for purposes of determining income. He argues that the trial court's spousal award must be reversed because the trial court factored the wrong income for him. He further contends that, aside from income, the trial court failed to consider and apply the other statutory factors in making its spousal support determination. We disagree.
 {¶ 29} In determining whether to grant spousal support and in determining the amount and duration of the payments, the trial court must consider the factors listed in R.C. 3105.18(C)(1)(a)-(n).Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, paragraph one of the syllabus; see, also Keating, supra, at 37. Although a trial court is bound to consider these 14 factors, the award of spousal support lies within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. Holcomb, supra, at 130-131; see, alsoMoore v. Moore (1992), 83 Ohio App.3d 75, 78. "[I]f the court does not specifically address each factor in its order, a reviewing court will presume each factor was considered, absent evidence to the contrary."Carroll v. Carroll, 5th Dist. No. 2004-CAF-05035, 2004-Ohio-6710, ¶ 28.
 {¶ 30} Here, the record clearly reflects that the trial court considered the 14 factors. Indeed, the trial court expressly discussed every factor except for two, factors (j) and (l), but there is no evidence that the trial court did not consider these two factors. Notably, of all 14 factors, Jay only complains that the trial court erred in *Page 14 
its consideration of the first factor: the income from all sources. But, having already found that the trial court did not abuse its discretion in determining Jay's income, we reject this argument. Accordingly, given the trial court's consideration of the factors, including its detailed analysis, we cannot say it abused its discretion in awarding spousal support.
 {¶ 31} The third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., CONCURS; ANTHONY O. CALABRESE, JR., P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE OPINION
[1] As noted by the trial court, Weinberg's analysis of Jay's cash flow was consistent with Jay's spending in 2005, despite his claim of a much lower income.